IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV353-03-MU

| | |
|---|---|
| JOSHUA CAIN WOOD, | ) |
| Plaintiff, | ) |
| v. | )  **O R D E R** |
| NORTH CAROLINA DEPT. OF CORRECTION; SUPERINTENDENT DAVID MITCHELL; DR. ROBERT UHREN; NURSE WILLY | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed September 8, 2009. (Document No. 1.)

Plaintiff alleges in his Complaint against the North Carolina Department of Correction, Superintendent David Mitchell, Dr. Robert Uhren, and Nurse Willy that he needs a "colon operation to save his life" and Defendants are denying or delaying his colon operation.

First, neither North Carolina Department of Corrections nor any of its individual facilities is a person for purposes of a civil rights action brought under § 1983. Strickler v. Waters, 989 F.2d 1375, 1388 (4th Cir. 1993). Therefore, the North Carolina Department of Correction is dismissed as Defendant.

Next, although Plaintiff has listed Superintendent David Mitchell as a defendant in his Complaint, there are no allegations specifically against Mr. Mitchell. Because Plaintiff does not specifically allege that Mr. Mitchell was involved in or even aware of any decision to deny or delay

1

his colon operation, there is no valid cause of action against him and he is dismissed from the case.

To the extent that Plaintiff has included Mr. Mitchell in his Complaint in his capacity as Superintendent of Mountain View Correctional Institution, the Court notes that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Additionally there is no allegation that Mr. Mitchell instituted any official policy that any other defendant was following which caused Plaintiffs alleged constitutional deprivations. Therefore, there is no basis upon which to attach supervisory liability to Mr. Mitchell. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

The only theory upon which to attach supervisory liability to Mr. Mitchell then is if he acted with deliberate indifference to the acts of his subordinates. A higher official may be liable for acts of his subordinates if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisors inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).

Here, there is no allegation that Mr. Mitchell had knowledge of any "pervasive, unreasonable risk of harm". The allegations in the complaint that Defendants were deliberately indifference to Plaintiff's medical needs simply do not establish that Mr. Mitchell knew of any unreasonable risk to Plaintiff. Therefore, Plaintiff has failed to state a claim against Mr. Mitchell and he is dismissed

With respect to the remaining defendants, the Court notes that it appears from Plaintiff's filing, which includes a copy of the State's response to his grievance dated September 1, 2009, that medical staff have been providing Plaintiff with medical treatment and that they were in the process

of obtaining multiple tests "to locate the origin of the alleged problems." However, the Court will not rely on this document to dismiss Plaintiff's Complaint. Rather, the undersigned finds that the Defendants should file an Answer detailing and responding to Plaintiff's allegation. To the extent a dispositive motion is also appropriate, the Court will consider it at the same time.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1) Defendants Mr. David Mitchell and the North Carolina Department of Corrections are dismissed;

2) The Clerk shall issue summons and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost; and

3) Defendants shall file an Answer to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED**.

Signed: September 9, 2009

Graham C. Mullen
United States District Judge