IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV353-03-MU

| | |
|---|---|
| JOSHUA CAIN WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **O R D E R** |
| | ) |
| N.C. DEPARTMENT OF CORRECTION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** comes before the Court on Plaintiffs' Complaint pursuant to 42 U.S.C. § 1983, filed September 8, 2009 (Document No. 1 ); Defendant Uhren's Motion to Dismiss, filed October 29, 2009 (Doc. No. 17); and Defendant Wiley's Motion for Summary Judgment, filed January 7, 2010 (Doc. No. 28).

The Court notes that by Order dated November 23, 2009, this Court sent the Plaintiff an Order in compliance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (Doc. No. 22.) In this Order, the Court notified Plaintiff that Defendant Uhren had filed a Motion to Dismiss and directed that Plaintiff had thirty (30) days in which to file a response to Defendant's Motion to Dismiss. Plaintiff was specifically cautioned that failure to respond within this time frame may subject this action to dismissal. As of this date, Plaintiff has not filed a response to Defendant Uhren's Motion to Dismiss. Likewise, subsequent to the filing of Defendant Wiley's Motion for Summary Judgment, this Court sent Plaintiff an order in compliance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (Doc. No. 31.) The Court notified the Plaintiff that Defendant Willy filed a Motion

1

for Summary Judgment and directed that Plaintiff had twenty (20) days to file documents, affidavits, or unsworn declarations in opposition to Defendant Willy's Motion for Summary Judgement. Plaintiff was, once again, specially cautioned that failure to respond within this time period may subject his case to summary judgment. As of this date, Plaintiff has not filed a response to Defendant Willy's Motion for Summary Judgment.

In his Complaint, Plaintiff alleges that he while housed at Mountain View Correctional facility[1] he needed a "colon operation to save his life and Defendants [] den[ied] or delay[ed] his colon operation. Plaintiff originally named North Carolina Department of Correction, Superintendent David Mitchell, Dr. Robert Uhren and Nurse Willy. However, by Order dated September 9, 2009, the undersigned dismissed the Department of Correction and Superintend David Mitchell. (Doc. No. 2.) In that Order, the Court noted that it appeared from Plaintiff's filing, which included a copy of the State's response to his grievance dated September 1, 2009, that medical staff have been providing Plaintiff with medical treatment and that they were in the process of obtaining multiple tests "to locate the origin of the alleged problems. However, the Court specifically stated that it would not rely solely on the grievance response to dismiss Plaintiff's Complaint. (Doc. No. 2) Notwithstanding the Court's clear admonition that it would not rely solely on the grievance response to dismiss Plaintiff's Complaint, on December 17, 2009, Defendant Uhren filed a Motion to Dismiss Plaintiff's Complaint relying, in part, on the State's response to Plaintiff's grievance and alternatively on Plaintiff's alleged failure to exhaust. (Doc. No. 17).

Defendant Wiley filed a Motion for Summary Judgment on January 7, 2010 arguing that

---

[1] The Court notes that Plaintiff was released from custody on or around October 1, 2009. (Doc. No. 5; Doc. No.29 at 2.)

Plaintiff cannot establish that Defendants were deliberately indifferent to a serious medical need because Plaintiff's medical records establish that he received continuing and appropriate care for his medical complaint. Plaintiff has failed to file a response to Defendant's Motion for Summary Judgment as directed in the Court's <u>Roseboro</u> Order (Doc. No. 31) and the deadline for filing a response has expired. The Court has carefully reviewed Defendant Willy's Motion for Summary Judgment, the brief in support and the medical records and finds that for the reasons set forth therein, both Defendant Willy and Defendant Uhren are entitled to summary judgment. Specifically, Plaintiff's medical records establish that he received continuing and appropriate care for his medical complaint. Therefore, Plaintiff cannot establish his claim that Defendants were deliberately indifferent to his serious medical need.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Defendant Willy's Motion for Summary Judgment (Doc. No. 28) is **GRANTED**;

(2) Defendant Uhren's Motion to Dismiss (Doc. No. 17) is denied as moot

(2) Plaintiff's Complaint is dismissed;

**SO ORDERED**.

Signed: February 3, 2010

Graham C. Mullen
United States District Judge